**GUI BIN PAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–1571–ag.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

---

John Z. Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: GUIDO CALABRESI,
ROBERT A. KATZMANN and
RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED, that the petition for review is DENIED.

Gui Bin Pan, a native and citizen of the People's Republic of China, seeks review of a March 6, 2008 order of the BIA, affirming the November 22, 2005 decision of Immigration Judge ("IJ") Noel A. Brennan, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gui Bin Pan,* No. A98 403 370 (B.I.A. Mar. 6, 2008), *aff'g* A98 403 370 (Immig. Ct. N.Y. City Nov. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ As an initial matter, we lack jurisdiction to entertain Pan's arguments regarding the agency's determination that his application for asylum was not filed within the one-year time limitation. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 332 (2d Cir.2006). Further, Pan did not challenge the agency's denial of relief under the CAT in his opening brief, and it is therefore deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005). Thus, we consider only Pan's challenge to the agency's denial of withholding of removal.

■ We find that substantial evidence supports the agency's adverse credibility

determination. The agency reasonably relied on inconsistencies regarding the whereabouts of Pan's passport, as well as his date and manner of entry, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and a reasonable factfinder would not be compelled to accept Pan's explanations for these inconsistencies, *see Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). While these inconsistencies may not, individually, support an adverse credibility determination, taken cumulatively they provide ample basis for the agency's determination that Pan was not credible. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). Because substantial evidence supports the adverse credibility determination, the agency's denial of Pan's claim for withholding of removal was not in error.

■ In addition, it was not error for the agency to find that Pan failed to establish eligibility for withholding of removal based on his lack of corroborating evidence. *See* 8 U.S.C. § 1252(b)(4)(B). While Pan argues that he submitted adequate corroboration in the form of a letter from his mother, the agency reasonably required additional corroboration as the letter lacked detail and closely tracked Pan's testimony. Thus, in light of his incredible testimony, it was not improper for the agency to find that Pan's evidence, by itself, did not demonstrate his eligibility for withholding of removal. *See Xiao Ji Chen,* 471 F.3d at 341.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.